IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOB M. OOSTERKAMP,               )
                                  )
        Plaintiff,                )
                                  )
  -vs-                            )    Civil Action No. 20-138
                                  )
KILOLO KIJAKAZI,[1]               )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
        Defendant.                )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 16 and 20). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 17 and 21). After careful consideration of the submissions of the parties, and based on my Opinion more fully set forth below, I am granting, in part, Plaintiff's Motion for Summary Judgment (ECF No. 16) and denying Defendant's Motion for Summary Judgment. (ECF No. 20).

### I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his application on July 16, 2017. Administrative Law Judge ("ALJ"), Raymond Prybylski, held a video hearing on February 11, 2019. (ECF No. 12-2, pp. 33-71). On June 12, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 12-2, pp. 16-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 16 and 20). The issues are now ripe for review.

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

II.     **LEGAL ANALYSIS**

    A.     **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B.    **Step 3 - Listings**

Plaintiff argues that the ALJ erred in his analysis at step 3.  (ECF No. 17, pp. 6-10).  In step 3 of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995).  An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary.  *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).  It is a plaintiff's burden to show that his impairment matches a listing or is equal in severity to a listed impairment.  *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

At issue in this case is Listing 4.04 (ischemic heart disease).  *See*, 20 C.F.R. pt. 404, subpt. P, app. 1 §4.04.  Listing 4.04 provides as follows:

> *4.04 Ischemic heart disease*, with symptoms due to myocardial ischemia, as described in 4.00E3-4.00E7, while on a regimen of prescribed treatment (see 4.00B3 if there is no regimen of prescribed treatment), with one of the following:
>
> **A.** Sign-or symptom-limited exercise tolerance test demonstrating at least one of the following manifestations at a workload equivalent to 5 METs or less:

    1. Horizontal or downsloping depression, in the absence of digitalis glycoside treatment or hypokalemia, of the ST segment of at least −0.10 millivolts (−1.0 mm) in at least 3 consecutive complexes that are on a level baseline in any lead other than a VR, and depression of at least −0.10 millivolts lasting for at least 1 minute of recovery; or

    2. At least 0.1 millivolt (1 mm) ST elevation above resting baseline in non-infarct leads during both exercise and 1 or more minutes of recovery; or

    3. Decrease of 10 mm Hg or more in systolic pressure below the baseline blood pressure or the preceding systolic pressure measured during exercise (see 4.00E9e) due to left ventricular dysfunction, despite an increase in workload; or

    4. Documented ischemia at an exercise level equivalent to 5 METs or less on appropriate medically acceptable imaging, such as radionuclide perfusion scans or stress echocardiography.

OR

**B.** Three separate ischemic episodes, each requiring revascularization or not amenable to revascularization (see 4.00E9f), within a consecutive 12-month period (see 4.00A3e).

OR

**C.** Coronary artery disease, demonstrated by angiography (obtained independent of Social Security disability evaluation) or other appropriate medically acceptable imaging, and in the absence of a timely exercise tolerance test or a timely normal drug-induced stress test, an MC, preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise tolerance testing would present a significant risk to the individual, with both 1 and 2:

    1. Angiographic evidence showing:

        a. 50 percent or more narrowing of a nonbypassed left main coronary artery; or

        b. 70 percent or more narrowing of another nonbypassed coronary artery; or

        c. 50 percent or more narrowing involving a long (greater than 1 cm) segment of a nonbypassed coronary artery; or

        d. 50 percent or more narrowing of at least two nonbypassed coronary arteries; or

        e. 70 percent or more narrowing of a bypass graft vessel; and

    2. Resulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living.

*Id.* To be found presumptively disabled at step 3, a plaintiff must meet **all** of the criteria of a Listing. 20 CFR §§404.1525(c)(3), 416.925(c)(3).

Here, the ALJ specifically considered whether Plaintiff's cardiac impairments meet or equal Listing 4.04. (ECF No. 12-3, pp. 19-20). The ALJ found that Plaintiff's impairments do not meet Listing 4.04. *Id.* at p. 20.

> The claimant's cardiac impairments were evaluated under listing 4.04. However, there is no evidence of myocardial ischemia while on a regimen of prescribed treatment with sign-or symptom-limited exercise tolerance testing demonstrating dysfunction as described in paragraph A; or evidence of three ischemic episodes, each requiring revascularization as described in paragraph B; **or coronary artery disease demonstrated by an angiography and angiographic evidence showing 50%+ narrowing of a nonbypassed artery or 70% narrowing of a bypass graft vessel and resulting in very serious limitation in the ability to independently initiate sustain and complete activities of daily living.**

(ECF No. 12-2, pp. 19-20)(emphasis added).

Plaintiff focuses on the ALJ's analysis of Listing 4.04(C). To that end, Plaintiff suggests that the ALJ's analysis of Listing 4.04(C) "is not an accurate reflection of the listing requirements" and, therefore, the conclusion is insufficient. (ECF No. 17, pp. 7-10). Further, Plaintiff suggests that he meets the requirements of Listing 4.04(C)(1)(c) and (d) as set forth above. *Id.* at pp. 8-9. Finally, Plaintiff submits that the ALJ provided no analysis of his activities of daily living. (ECF No. 17, pp. 9-10). As such, Plaintiff concludes that remand is warranted. After a review, I am not persuaded by Plaintiff's argument.

To begin with, as his opinion reflects, the ALJ considered Plaintiff's cardiac impairments 4.04(C)(1)(a)-(e) and found that Plaintiff has failed to show he has "coronary artery disease demonstrated by an angiography and angiographic evidence showing 50%+ narrowing of a nonbypassed artery or 70% narrowing of a bypass graft vessel." (ECF No. 12-2, pp. 19-20). This sufficiently addresses (a)-(e).

Even assuming Plaintiff meets the requirements of Listing 4.04(C)(1)(c) and (d), however, as he argues, Plaintiff's argument still fails. Listing 4.04(C) requires that, in addition to satisfying a requirement of 4.04(C)(1), Plaintiff meet the requirements of 4.04(C)((2).

Pursuant to listing 4.04(C)(2), Plaintiff must also show the coronary artery disease results in "very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living."  20 C.F.R. pt. 404, subpt. P, app. 1 §4.04(C)(2).  The ALJ found that the Plaintiff's cardiac impairments did not result in "very serious limitation in the ability to independently initiate sustain and complete activities of daily living." (ECF No. 12.2, p. 20).  To that end, Plaintiff suggests that the ALJ should have provided more explanation, especially since he acknowledged that Plaintiff was limited in performing his activities of daily living when he discussed Plaintiff's mental impairments.  (ECF No. 17, p. 9, *citing,* No. 12-2, p. 20).  I disagree.

An ALJ must provide sufficient detail within his/her determination to permit a proper and meaningful judicial review. *Burnett v. Commissioner of Social Security Admin.*, 220 F.3d 112, 120 (3d Cir. 2000).  In considering the same, the decision must be read as a whole. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).  Reading the record as a whole, I find there is sufficient development and explanation of the findings to permit meaningful review.  Specifically, the ALJ's decision provides, *inter alia,* a discussion of Plaintiff's cardiac impairments and his activities of daily living.  *See,* ECF No. 12-2, pp. 16-26.  For example, with regard to Plaintiff's activities of daily living the ALJ noted Plaintiff's ability to provide personal care, prepare meals, drive, grocery shop, visit with family and friend, works out every other day (using a bike, treadmill and hand weights), do light housework, walk a half of a mile, go to the movies, handle finances and read.  *Id*.  More detail was not required to support the ALJ's finding that his cardiac impairments did not result in "very serious limitation in the ability to independently initiate[,] sustain and complete activities of daily living."  ECF No. 12-2, p. 20; 20 C.F.R. pt. 404, subpt. P, app. 1 §4.04(C)(2).  These findings are supported by substantial evidence. Thus, I find no merit to Plaintiff's step 3 argument.  Therefore, remand is not warranted on this basis.

### C.      Residual Functional Capacity ("RFC") [2]

Plaintiff next argues that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 15, pp. 3-6).  Specifically, Plaintiff submits that the ALJ "failed to develop the record and obtain a medical opinion after determining the only opinion of record was stale." (ECF No. 17, p. 10).  Plaintiff suggests that the ALJ should have obtained an opinion from a medical source to interpret the raw medical data of Plaintiff's mental impairments into functional limitations rather than making a determination based on his own lay opinion.  *Id.* at pp. 10-13.  Plaintiff continues, "given the fact that [the ALJ] found the state agency consultant's opinion was stale, the ALJ should have sent Plaintiff for a consultative examination.  His failure to do so is error as the ALJ had a duty to develop the record." *Id.* at 13.

The regulations make clear that it is the plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is.  20 C.F.R. §§404.1512, 416.912.  This burden does not shift to the ALJ.  Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability.  *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995).

In this case, the only opinion evidence of record setting forth functional limitations was from the state agency physician, Dr. Dato.  (ECF No. 12-3).  Dr. Dato opined that Plaintiff had the functional capacity to perform work with exceptions.  *Id.*  The ALJ found Dr. Dato's opinion was not persuasive because it was "superseded by new evidence and testimony which reflect that claimant is somewhat more limited by his physical impairments than originally thought." (ECF No. 12-2, p. 25).   There is no other opinion evidence of record assessing Plaintiff's

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. *Id.*  In this case, the ALJ found Plaintiff had the RFC to perform sedentary work, with certain exceptions.  (ECF No. 12-2, p. 21).

functional limitations upon which the ALJ could have relied upon in formulating a sedentary RFC with exceptions.  *Id.*  "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant."  *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986).  While this is not a requirement, the ALJ must support his/her determination with substantial evidence.

Additionally, I note that the ALJ found Plaintiff's testimony was not entirely consistent with the evidence in the record. (ECF No. 12-2, p. 22).  Clearly the ALJ found Plaintiff was more restricted than Dr. Dato opined.  After a careful review of the record as a whole, however, there is insufficient detail in his decision to allow me to discern the basis for the ALJ's RFC determination.  As a result, I am unable to make a proper meaningful review.  Therefore, I find remand is warranted.  Upon remand, the ALJ may consider securing an opinion from a consultative examiner.  *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917; *see also,* 20 C.F.R. §§404.1519(a), 416.919(a).

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOB M. OOSTERKAMP, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No. 20-138 |
| KILOLO KIJAKAZI,[3] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 29th day of September, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 16) is granted to the extent as set forth above and Defendant's Motion for Summary Judgment (ECF No. 20) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose
United States Senior District Judge

---

[3] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.